IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

WILLIAM G. MOORE, JR.,

    Plaintiff,

v.    Civil Action Number 3:09CV731

COMMONWEALTH TRUSTEES, LLC,

    Defendant.

## **MEMORANDUM OPINION**

This matter is before the Court on the motion of Defendant Commonwealth Trustees, LLC[1] ("Defendant" or "Commonwealth") (Docket No. 9) to dismiss Plaintiff William G. Moore, Jr.'s ("Plaintiff" or "Moore") Amended Complaint. The Plaintiff has responded, and this motion is ripe. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court and argument would not aid in the decisional process. For the reasons set forth herein, the Court will grant the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

---

[1] The Amended Complaint states that "Defendant Commonwealth Trustees, LLC ("Commonwealth") is a Virginia Corporation." Am. Compl. ¶ 5. However, as the Court has noted many times, "[a] limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise." *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) (citing *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)). Thus, the Fourth Circuit concludes, "a limited liability company is assigned the citizenship of its members." *Id.* at 120. If the Court's subject-matter jurisdiction was based on diversity, the jurisdictional allegations would be incorrect and insufficient to establish diversity jurisdiction.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiff's Amended Complaint purports to state four claims under the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. It alleges that "[a] trustees [sic] in a foreclosure proceeding is a 'debt collector' as defined in 15 U.S.C. § 1692a(6)." Am. Compl. ¶ 9. It also alleges that "[a] Deed of Trust on a home is a consumer debt as defined in 15 U.S.C. § 1692a(5)." Am. Compl. ¶ 13. The following is a summary of the allegations in the Amended Complaint.

Moore entered into a Deed of Trust on his home located at 4415 Everville Drive, Richmond, Virginia 23294, with Tribeca Lending Corporation, not a party to this case, on August 23, 2007. Am. Compl. ¶¶ 10 & 11. The Deed of Trust "went into default prior to the appointment of Commonwealth as Substitute Trustee in the foreclosure sale of Plaintiff's home." Am. Compl. ¶ 14. "The Deed of Trust included finance charges which were materially under-disclosed pursuant to the Federal Truth in Lending Act, 15 U.S.C. § 1601 et. Seq. ("TILA")." Am. Compl. ¶ 15. "Moore validly rescinded the Deed of Trust pursuant to TILA by notice dated October 20, 2009," and the notice was sent by counsel. Am. Compl. ¶¶ 16 & 17. The notice informed the Defendant that Moore was represented by counsel and had other legal effects according to the Amended Complaint. Am. Compl. ¶¶ 20, 21 & 22.[2] On or about November 3, 2009, the Defendant sent Moore, and not Moore's attorney, a letter and notice that informed Moore that Moore's home would be sold at

---

[2]Paragraph 23 of the Amended Complaint in particular and other paragraphs of the Amended Complaint refer to a lawsuit that was then pending but that ended when the Court ruled that Moore failed to sufficiently plead a violation of TILA and granted the defendants' motion for judgment on the pleadings. *See Moore v. Franklin Credit Management Corp.*, 3:09CV711-HEH (Apr. 2, 2010).

public auction on November 23, 2009, and these documents did not state that they were from a debt collector. Am. Compl. ¶¶ 24-31.[3]

Count One of the Amended Complaint alleges that the Defendant "violated 15 U.S.C. § 1692c(a)(2) in that [it] contacted Moore after [it] knew that Moore was represented by an attorney," entitling Moore to damages, fees and costs, "pursuant to 15 U.S.C. § 1692k(a)." Am. Compl. ¶¶ 37 & 38. Count Two alleges that the Defendant "violated 15 U.S.C. § 1692e(2) in that [it] misrepresented the amount, character, or legal status of a debt," thus entitling Moore to damages, fees, and costs. Am. Compl. ¶¶ 40 & 41. Count Three alleges that Defendant "violated 15 U.S.C. § 1692e(5) in that [it] threatened to take an action that could not legally be taken," entitling Moore to damages, fees and costs. Am. Compl. ¶¶ 43 & 44. Count Four alleges that Defendant "violated 15 U.S.C. § 1692e(11) in that [its] communications to Moore failed to contain notice that the communications were from debt collectors," entitling Moore to damages, fees and costs. Am. Compl. ¶¶ 46 & 47.

---

[3] *See* Docket No. 9-2 (Letter of Nov. 3, 2009 from Defendant Commonwealth to Moore). The letter does not convert the motion to dismiss into a motion for summary judgment. A court may consider documents attached to a complaint or documents that are integral to the complaint and authentic without converting a motion to dismiss into a motion for summary judgment.

> In reviewing the dismissal of a complaint under Rule 12(b)(6), we may properly take judicial notice of matters of public record. *Hall v. Virginia,* 385 F.3d 421, 424 (4th Cir. 2004) (citing *Papasan v. Allain,* 478 U.S. 265, 268 n.1 (1986)). We may consider documents attached to the complaint, *see* Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic. *See Blankenship v. Manchin,* 471 F.3d 523, 526 n.1 (4th Cir. 2006).

*Secretary of State For Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007) "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint[.]" *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 556 U.S. at ----, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). The court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). "The court need not, however, accept unsupported legal allegations, legal conclusions couched as factual allegations, or conclusory factual allegations devoid of any

reference to actual events." *Flores v. Deutsche Bank Nat. Trust Co.*, No. 10-217, 2010 WL 2719849, *3 (D.Md. July 7, 2010) (internal citations omitted).

### III. ANALYSIS

To prevail on a FDCPA claim, a plaintiff must sufficiently allege that: (1) he was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA. *Blagogee v. Equity Trustees, LLC*, 2010 WL 2933963, *5 (E.D. Va. July 26, 2010). Pursuant to Rule 12(b)(6), the Defendant moves to dismiss the Amended Complaint's four claims under the FDCPA based on the following arguments: (1) the Defendant is not a debt collector as defined by the FDCPA; (2) the communication complained of is not a communication in connection with the collection of a debt; (3) the Defendant did not misrepresent the amount, character or legal status of a debt or threaten to take an action that could not legally be taken.

In response to the motion to dismiss, the Plaintiff argues that Commonwealth is a debt collector, citing *Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373 (4th Cir. 2006). The Amended Complaint alleges: "A trustees [sic] in a foreclosure proceeding is a 'debt collector' as defined in 15 U.S.C. § 1692a(6)." Am. Compl. ¶ 9. The Plaintiff argues that under *Wilson,* "Commonwealth, in initiating foreclosure action to collect on a Deed of Trust is therefore a debt collector pursuant to the Act, § 1692a(6)."

In *Wilson v. Draper & Goldberg*, the Fourth Circuit held that "trustees . . . acting in connection with a foreclosure *can* be 'debt collectors' under the [FDCPA]." 443 F.3d at 375 (emphasis added). The Fourth Circuit did not hold that all foreclosure trustees *are* debt collectors as defined by the FDCPA. In fact, the Fourth Circuit stated, "Our decision is not intended to bring

5

every law firm engaging in foreclosure proceedings under the ambit of the Act." *Id.* at 379. The Fourth Circuit also noted that "a company's own efforts to collect overdue payments from its own delinquent clients would not ordinarily make it a 'debt collector' under the Act, which specifically refers to those who collect debts 'owed or due or asserted to be owed or due another.'" *Id.*

More recently, other courts within the Fourth Circuit have addressed similar foreclosure situations. In *Horvath v. Bank of New York*, the court emphasized that "[m]ortgage servicing companies and trustees exercising their fiduciary duties enjoy broad statutory exemptions from liability under the FDCPA." 2010 WL 538039, *3 (E.D. Va. Jan. 29, 2010) (citing 15 U.S.C. § 1692a(6)(F)(i) ("The term [debt collector] does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement")). *See also Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp.2d 709, 718 (E.D. Va. 2003) ("[T]he law is well-settled . . . that creditors, *mortgagors*, and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA.") (emphasis in original); *Bolouri v. Bank of America,* 2010 WL 3385177, *5 (E.D. Va. Aug. 24, 2010) (citing *Warren v. Countrywide Home Loans, Inc.*, 2009 WL 2477764 (11th Cir. Aug. 14, 2009) ("[S]everal courts have held that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA . . .")); *Ruggia v. Washington Mutual*, 2010 WL 1957218 (E.D. Va. May 13, 2010) (citing *Horvath, Scott* and *Warren*). Accordingly, the Court does not accept the Amended Complaint's legal conclusion that the Defendant was a debt collector as defined by the FDCPA. Having considered the well-pled allegations as true and in the light most

6

favorable to the Plaintiff, the Court finds that the Defendant was not a debt collector as defined by the FDCPA.

Other decisions support the conclusion that foreclosing on property is not debt collection activity. In *Stamper v. Wilson & Associates*, 2010 WL 1408585 (E.D. Tenn. March 31, 2010), the court reviewed numerous cases and held that the initiation of a non-judicial foreclosure proceeding is not a debt collection activity subjecting the entity that initiated such a proceeding to the general provisions of the FDCPA but, instead, such an entity is enforcing a security interest and is, therefore, subject to only a single provision of the FDCPA, 15 U.S.C. § 1692f(6). *Id.* at * 5-7 (collecting and discussing cases). There are no allegations that the Defendant violated Section 1692f(6). In *Spurlock v. Carrington Mortgage Services, Inc.*, 2010 WL 3069733, * 4 (S.D. Cal. Aug. 4, 2010), the court held that "the activity of foreclosing on property pursuant to a deed of trust is not 'collection of a debt' within the meaning of the FDCPA." This distinction has also been addressed by other courts but was perhaps best stated in *Hulse v. Ocwen Fed. Bank*, 195 F. Supp.2d 1188 (D.Or. 2002).

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

195 F. Supp.2d at 1204.

In addition, nothing in the November 3, 2009 letter sent to the Plaintiff by the Defendant indicates that the Defendant was attempting to collect a debt. Instead, the Defendant was giving the Plaintiff the notice required by law, specifically pursuant to Section 55-59.1 of the Code of Virginia which requires that the foreclosure trustee "*shall* give written notice of the time, date and place of

7

any proposed sale in execution of a deed of trust . . . by personal delivery or by mail to (i) the present owner of the property to be sold at his last known address as such owner and address appear in the records of the party secured . . . ." Va. Code Ann. § 55-59.1 (2009). The letter stated as follows:

> Pursuant to Section 55-59.1 of the 1950 Code of Virginia, as amended, please be advised that the appointed Substitute Trustee will sell at public auction the above referenced property on November 23, 2009 at 9:30 AM.
> The sale will be conducted at the fronts [sic] step of the Circuit Court of Henrico County, Virginia, 4301 E. Parham Road, Richmond, VA 23273, as specified in the enclosed advertisement. Enclosed please find a copy of the advertisement of sale as published in Richmond Times Dispatch which contains the terms of sale.

Docket No. 9-2 (Letter of Nov. 3, 2009 from Defendant Commonwealth to Moore). Like the notice the Blagogees received, there was no express demand for payment, no notice of the person to whom the debt should be paid, and no statement indicating that the author of the notice was attempting to collect a debt. *See Blagogee v. Equity Trustees, LLC*, 2010 WL 2933963 at *6. The letter did not constitute "collection activity" nor was the author a "debt collector" as defined in the FDCPA. Further, as noted previously, the related case regarding the alleged violations of TILA was dismissed for failure to sufficiently plead a violation of TILA.

For these reasons, the motion to dismiss will be granted and this matter will be dismissed.

An appropriate order shall issue.


October 25, 2010                         /s/
DATE                    RICHARD L. WILLIAMS
                        SENIOR UNITED STATES DISTRICT JUDGE